UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA ANTONIO,<br><br>               Plaintiff,<br><br>-against-<br><br>LITTLE MEXICO RESTAURANT CORP.,<br><br>               Defendant. | **COMPLAINT**<br><br>**Docket No.:** |

TERESA ANTONO ("Plaintiff"), by and through her attorneys, STEVENSON MARINO LLP, as and for her Complaint against LITTLE MEXICO RESTAURANT CORP. ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-2.5; and (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

1

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

4. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

5. At all relevant times herein, Defendant was and is a New York corporation with its principal place of business located at 280 Post Avenue, Westbury, New York 11590.

6. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and buys and sells meat, produce, beverages, and other food items in the course of its business, which originate in states other than New York, as well as accepts credit card payments from customers for its purchases, the combination of which subjects Defendant to the FLSA's requirements as an enterprise.

## BACKGROUND FACTS

7. Defendant is a corporation that owns and operates a restaurant located in Westbury, New York.

8. Defendant employed Plaintiff as a line cook from on or about April 2016 through July 2019.

9. As a line cook, Plaintiff was responsible for cooking and preparing food for the restaurant.

10. From April 2016 through approximately March 2019, Plaintiff routinely worked

five (5) days per week, from 10:00 a.m. through 10:00 p.m., each day without an uninterrupted meal break, totaling between sixty-six (60) hours per week. Then, from April 2019 through July 2019, you required her to work five days per week, from 11:00 a.m. through 10:00 p.m., each day without an uninterrupted meal break. Accordingly, throughout her employment, Ms. Antonio worked approximately fifty-five (55) to sixty (60) hours each week.

11. For her work, Defendant paid Plaintiff shift pay in the following amounts: April 2016 through March 2017, $85.00 per shift; April 2017 through March 2018, $90.00 per shift; April 2018 through March 2019, $95.00 per shift; and April 2019 through approximately July 2019, $110.00 per shift.

12. Throughout the relevant period of Plaintiff's employment, Defendant failed to pay Plaintiff at the statutory applicable overtime rate of one and one-half Plaintiff's regular rate of pay for the hours that Plaintiff worked in excess of forty in a workweek.

13. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with any wage statement whatsoever, let alone one that accurately listed Plaintiff's actual hours worked, regular rate of pay, or overtime rate of pay for that week.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the FLSA*

14. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

16. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

3

17. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

18. Defendant willfully violated the FLSA.

19. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

20. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the NYLL and the NYCRR*

21. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. NYLL § 160 and 12 NYCRR § 146-2.5 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

23. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

24. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff in accordance with the NYLL's and the NYCRR's overtime provisions.

25. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

26. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

29. As described above, Defendant, on each payday, failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

30. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

31. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

    d.    All damages that Plaintiff has sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendant's unlawful payment practices;

    e.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

    f.    Awarding Plaintiff reasonable attorneys' fees, as well as costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

    g.    Pre-judgment and post-judgment interest, as provided by law; and

    h.    Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       July 29, 2021

                                        Respectfully submitted,

                                        STEVENSON MARINO LLP
                                        *Attorneys for Plaintiff*
                                        75 Maiden Lane, Suite 402
                                        New York, New York 10038
                                        (212) 939-7229

                  By:    _____
                          Jeffrey R. Maguire (JM4821)